# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIDELITY NATIONAL TITLE** | : | |
| **INSURANCE CO.,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ASSURANCE ABSTRACT CORP.,** | : | **No. 18-1332** |
| *Defendant.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                    APRIL 12, 2019

This lawsuit began when Fidelity National Title Insurance Co. asserted claims against Assurance Abstract Corp. for breach of contract, negligence, and indemnification concerning Fidelity's commitment to insure the conveyance of title to a residential property in Philadelphia after it was revealed that the conveyance was fraudulent. In turn, Assurance brought claims against several third-party defendants, including Thor Equity, LLC—a company engaged in buying and selling distressed properties—and Alexander Pekerman—the sole member of Thor—for their alleged involvement in the sale of the subject property.[1]

The Thor Defendants moved to dismiss Assurance's third-party claims against them, including the outstanding claims for unjust enrichment, *quantum meruit*, contribution, and indemnification.[2] The Court will dismiss the unjust enrichment and *quantum meruit* claims

---

[1]     The Court will collectively refer to Thor Equity and Mr. Pekerman as the "Thor Defendants."

[2]     Assurance originally brought claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, *quantum meruit*, fraud, fraudulent concealment, negligent misrepresentation, civil conspiracy, contribution, and indemnification against the Thor Defendants. However, during oral argument, Assurance's counsel agreed to the dismissal of Assurance's breach of contract, breach of the covenant of good faith and fair dealing, fraud, fraudulent concealment, negligent misrepresentation, and civil conspiracy claims.

1

because Assurance failed to plead that it provided a cognizable benefit to the Thor Defendants. The Court will also dismiss the contribution and indemnification claims because Assurance failed to allege that the Thor Defendants committed an underlying tort.

## BACKGROUND

In 1920, Antonio Pugliese purchased a residential property in Philadelphia. In June 2017, 97 years later, Antonio Pugliese purportedly transferred the property to Winton Street Realty, LLC.

Thereafter, the Thor Defendants entered into an agreement with Winton to purchase the property for $75,000. At that time, they contacted Assurance to act as the closing agent for the transaction and to arrange for title insurance. However, the Thor Defendants decided not to buy the property and assigned their rights under the purchase agreement to Barank Development, LLC for $78,400.

Assurance stayed on as the closing agent for the deal between Winton and Barank. Assurance retained the services of Abstract Services, LLC ("Searcher") to run a title search on the property. Assurance alleges that Searcher's title search did not show any issues with Winton's title. In August 2017, at the closing for the deal, Barank paid Assurance $1,367 for a title policy underwritten by Fidelity with $160,000 in coverage. Barank also paid the $78,400 assignment fee to the Thor Defendants. *See* Exhibit F to the Third-Party Complaint.

However, the June 2017 deed conveying title to Winton was a forgery. In December 2017, Dominic Pugliese—the great-grandson of Antonio Pugliese—filed an action in the Philadelphia Court of Common Pleas to quiet title and set aside the conveyance of the property from Winton to Barank. Thereafter, Barank submitted a claim for coverage under the title insurance policy. As the underwriter of the title insurance policy, Fidelity paid Barank $160,000.

2

In March 2018, Fidelity filed this suit against Assurance for breach of contract, negligence, and common law indemnification. Fidelity alleges that, in light of the fact that the deed from Antonio Pugliese to Winton was signed 97 years after he acquired the property, Assurance should have known that Winton's alleged title was flawed.

In turn, Assurance filed third-party claims against:

- **Searcher** – The company that Assurance hired to perform the title search;
- **Alfred Pietrafesa** – The individual who performed the title search for Searcher;[3]
- **Brenda Osorio** – The individual who notarized the fraudulent deed conveying title from Antonio Pugliese to Winton in June 2017;
- **Winton Street Realty, LLC** – The entity that sold the property to Barank;
- **Kolomyjcevas Sergiejus** – The individual who signed the deed conveying the subject property to Barank on behalf of Winton;[4] and
- **The Thor Defendants**.

The Thor Defendants filed a motion to dismiss, arguing that Assurance failed to state any cognizable claims against them. Following Assurance's voluntary dismissal of several of its original claims, only its *quantum meruit*, unjust enrichment, contribution, and indemnification claims against the Thor Defendants remain for consideration.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

3       Mr. Pietrafesa was dismissed pursuant to a stipulation.

4       Ms. Osorio, Winton, and Mr. Sergiejus have not responded to the third-party complaint and have not otherwise appeared in the case.

3

will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also*

4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted).

## DISCUSSION

The Court will first address Assurance's *quantum meruit* and unjust enrichment claims. It will then address Assurance's contribution and indemnification claims.

## I. *Quantum Meruit* (Count V) and Unjust Enrichment (Count VIII)

Assurance's claims for *quantum meruit* and unjust enrichment include the following allegations: that the Thor Defendants were paid an "Assignment Fee"; that the fee was for the Thor Defendants' "guarantee that the property could be lawfully closed upon"; that Assurance had "an expectation of receiving services from [the Thor Defendants] in return for the payment of the fee"; and that "Assurance did not receive the paid for services from [the Thor Defendants], as the Subject Property could not be lawfully closed upon." *See* Third-Party Complaint at §§ 102–105.

To state a claim for *quantum meruit*, a plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Bowden v. DB Schenker*, 693 Fed. App'x. 157, 160 (3d Cir. 2017) (citations omitted). Similarly, to state a claim for unjust enrichment, a plaintiff must show "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Id.* (citations omitted).

The Thor Defendants argue that Assurance's *quantum meruit* and unjust enrichment claims should be dismissed because Assurance did not confer any benefit to the Thor Defendants, as Barank, not Assurance, paid the "Assignment Fee." During oral argument, Assurance's counsel

5

admitted that Barank—not Assurance—paid this fee and could not articulate any benefit that Assurance provided to the Thor Defendants that could form the foundation for a *quantum meruit* or unjust enrichment claim.[5] Therefore, the Court will dismiss these claims.

Assurance argues that its *quantum meruit* and unjust enrichment claims should survive because "Pennsylvania law does not require that the alleged benefit in an unjust enrichment claim be conferred directly by the plaintiff upon the defendant, so long as the benefit is not too attenuated to support equitable relief." *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 559 (E.D. Pa. 2018) (citations omitted). However, *Aetna* is easily distinguished.

In *Aetna*, the defendant, a pharmaceutical company, allegedly engaged in a fraudulent scheme with several doctors to prescribe a drug for non-FDA approved uses in order to increase sales. *Id.* at 548. The plaintiff, an insurance company, sued the defendant for unjust enrichment, among other things, arguing that it conferred financial benefits to the defendant in the form of payments and that the defendant's retention of such payments would be unjust. In turn, the defendant argued that the plaintiff's unjust enrichment claim should be dismissed because, among other reasons, there was no allegation that the plaintiff ever made any direct payments to the defendant. *Id.* at 559. The court rejected this argument because the complaint alleged that the plaintiff "paid for prescriptions of [the drug] based on misrepresentations made by [the defendant] concerning the indication for which the drug was prescribed, and that the [defendant] gained sales revenue and market share as a result of these prescriptions." *Id.* at 559. Although these payments may not have been direct, the Court concluded that the benefit was not too attenuated. *Id.*

---

[5]     The Department of Housing and Urban Development Certification attached to Assurance's Third-Party Complaint further shows that Barank—not Assurance—paid the Thor Defendants' "Assignment Fee." *See* Exhibit F to the Third-Party Complaint; *see also Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (explaining that a court may consider "exhibits attached to the complaint" when addressing a motion to dismiss).

Another case cited by Assurance—*Global Ground Support, LLC v. Glazer Enters.*, 581 F. Supp. 2d 669 (E.D. Pa. 2008)—is more in line with the case pending here. In *Global*, the plaintiff hired the defendant to design and provide air craft de-icing equipment. *Id.* at 672. The plaintiff then sold the equipment to a general contractor. In turn, the general contractor hired a third party, Baker, to inspect the defendant's design before the general contractor installed the de-icing equipment at an airport. *Id.* Thereafter, an airline employee allegedly suffered injuries as a result of defects in the equipment. *Id.*

Following other litigation, the plaintiff sought to hold the defendant responsible for the defective de-icing equipment. *Id.* at 671. In turn, the defendant brought third-party claims against Baker for, among other things, unjust enrichment. *Id.* at 671–72, 675. The defendant argued that "the benefit it provided to Baker was its services and work product without which [the general contractor] would not have paid Baker for reviewing the design." *Id.* at 676. The court concluded that the benefit alleged by the defendant was "attenuated at best and [did] not fulfill the definition of benefit as defined under Pennsylvania case law," explaining that the defendant "merely [providing] its work product to Baker in fulfillment of [the defendant's] agreement with [the general contractor]" was not sufficient. *Id.*

During oral argument in this case, Assurance's counsel argued that Assurance provided the Thor Defendants a benefit because it facilitated the sale of the property that resulted in the Thor Defendants receiving an assignment fee from Barank. In other words, like the defendant in *Global Ground Support*, Assurance argues that without the services Assurance provided to Barank, the closing never would have happened, and Barank would not have paid the Thor Defendants the assignment fee. However, as was the case in *Global Ground Support*, the Court concludes that the alleged benefit provided by Assurance is "attenuated at best" and does not fulfill the definition

7

of benefit under Pennsylvania case law. *See id.* at 676. Therefore, the Court will dismiss Assurance's *quantum meruit* and unjust enrichment claims. *See Scaramuzza v. Sciolla*, Civ. No. 04-1270, 2004 U.S. Dist. LEXIS 18709, at *15 (E.D. Pa. 2004) (dismissing unjust enrichment claim where the plaintiff did not allege that it conferred a benefit to the defendant).

## II. Contribution and Indemnification (Count XI)

Assurance also asserts a claim for "Contribution and Indemnification" against the Thor Defendants. Assurance claims that, in the event that it is held liable to Fidelity, the Thor Defendants are "directly and proximately responsible for causing said harm or, in the alternative, [are] jointly and severally liable to Fidelity with Assurance for causing said harm." Third-Party Complaint at ¶ 179. It asserts its alleged contractual and common law rights to contribution and indemnification against the Thor Defendants "to the extent their negligence, tortious, or other wrongful conduct caused or contributed to any of Fidelity's damages." *Id.* at ¶ 180. The Court will dismiss these claims because—excluding these conclusory allegations—Assurance does not allege any tortious conduct on the part of the Thor Defendants.

As an initial matter, Assurance did not attach any contract between it and the Thor Defendants to its third-party complaint; nor did it set forth the essential terms of any such contract. *See generally* Third-Party Complaint. Assurance alleged only that "[p]ursuant to an oral and/or written contract, Thor Equity and/or Alexander Pekerman agreed to indemnify Assurance for any claims resulting from or related to the closing of the Subject Property and/or the transfer of title from Barank Development." *Id.* at 187. The Court disregards these conclusory allegations of a contract. *See Utah v. Strayer Univ.*, 667 Fed. App'x. 370, 371 (3d Cir. 2016) (explaining that a district court properly rejected a plaintiff's conclusory allegations of a contract at the motion to dismiss stage where the plaintiff "did not point to any specific and definite contract terms").

Without a contract, Assurance is left with common law claims for contribution and indemnification. Under Pennsylvania law, "a right to contribution arises only among joint tortfeasors." *Waynesborough Country Club of Chester County v. Diedrich Niles Bolton Architects, Inc.*, Civ. No. 07-155, 2008 U.S. Dist. LEXIS 18746, at *17 (E.D. Pa. 2008) (citation omitted). For the parties to be joint tortfeasors, they "'must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.'" *Id.* (quoting *Lasprogata v. Qualls*, 397 A.2d 803, 805 n.4 (Pa. Super. Ct. 1979)). Similarly, common law indemnification "is based upon a tort theory of liability." *Global Ground Support*, 581 F. Supp. 2d at 673 (citing *Walton v. Avco Corp.*, 610 A.2d 454, 460 (Pa. 1992)); *see also Pansini v. Trane Co.*, Civ. No. 17-3948, 2018 U.S. Dist. LEXIS 77975, at *19 (E.D. Pa. 2018) ("Common law indemnity is a means of restitution to be used by one tortfeasor against another . . . .") (citation and quotations omitted).

In this case, Assurance has voluntarily dismissed all of its tort claims against the Thor Defendants. And in setting out its contribution and indemnification claims, Assurance does not specifically allege any tortious conduct on the Thor Defendants part. *See* Third-Party Complaint at ¶¶ 176-191. As such, Assurance fails to allege that the Thor Defendants are tortfeasors at all, let alone joint tortfeasors with Assurance as to Fidelity. Therefore, the Court will dismiss Assurance's claims for common law contribution and indemnification. *See Global Ground Support*, 581 F. Supp. 2d at 673 ("Without a tort, there can be no tort-feasor, and without a tort-feasor, there can be no right to contribution or indemnity."); *New Prime, Inc. v. Brandon Balchune Constr., Inc.*, Civ. No. 14-2410, 2017 U.S. Dist. LEXIS 206748, at *25-28 (M.D. Pa. 2017) (dismissing contribution and indemnification claims because, among other reasons, the third-party plaintiffs failed to "specifically [allege] any tortious conduct on the [third-party defendant's]

9

part"); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 12 F. Supp. 2d 391, 420 (M.D. Pa. 1998) (dismissing contribution claim against third-party defendant after dismissing common law tort claims because there was "no longer any possible theory of recovery").[6]

## CONCLUSION

For the foregoing reasons, the Court will grant the Thor Defendants' motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[6] Assurance's common law indemnification claim fails for a second reason. "[A] defendant is entitled to indemnification [only] when its liability arises . . . out of a relationship that legally compels the defendant to pay for the act or omission of a third party." *Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000) (citing *Willet v. Pennsylvania Med. Catastrophe Loss Fund*, 702 A.2d 850, 854–55 (Pa. 1997)). Examples of such relationships include: (1) respondeat superior; (2) municipal liability; and (3) liability between parties along a chain of distribution. *See Pansini*, 2018 U.S. Dist. LEXIS 77975, at *17–18 (citations omitted). Here, Assurance does not claim that it had one of these types of relationships with the Thor Defendants or otherwise explain how it could be held vicariously or secondarily liable for the Thor Defendants' conduct. The absence of the requisite legal relationship between Assurance and the Thor Defendants provides another reason to reject Assurance's common law indemnification claim. *See Morris*, 192 F.R.D. at 489 (dismissing indemnification claim because nothing in the third-party complaint indicated the existence of a relationship between the defendants and the third-party defendants that would legally require the defendants to pay for damages for which the third-party defendants were primarily liable); *New Prime, Inc.*, 2017 U.S. Dist. LEXIS 206748, at *28–29 (dismissing common law indemnification claims because, among other reasons, "the crossclaims fail[ed] to allege a fundamental tenant of common law indemnity—a legal relationship from which liability may attach").

10